ORDERED in the Southern District of Florida on Oct 17, 2007



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re: | Case No. 05-25949-BKC-JKO |
| ROBERT ALLAN BARNES, | Chapter 13 |
| Debtor. | |
| ROBERT ALLAN BARNES, | |
| Plaintiff, | |
| v. | Adv. Pro. 06-1552-BKC-JKO-A |
| HOME EQUITY MORTGAGE CORP., | |
| Defendant. | |

**ORDER DENYING PLAINTIFF'S MOTION TO TAX APPELLATE COSTS AND FEES AGAINST HOME EQUITY MORTGAGE CORPORATION [DE 85]**

**THIS** adversary proceeding is before me on Plaintiff's Motion (the "Motion to Tax") [DE 85] to Tax Appellate Costs and Fees against Home Equity Mortgage Corporation ("Home Equity"). I conducted a hearing on the Motion to Tax on October 9, 2007. As set forth below, it is unclear whether I retain jurisdiction and authority with regard to the awarding of costs for the appellate proceedings. If I do have such jurisdiction and authority, I cannot conclude that Home Equity was the "losing party"

under the requirements of Rule 8014 of the Federal Rules of Bankruptcy Procedure such that the award of such costs would be appropriate. In any event, I conclude that the Plaintiff is not entitled to an award of costs and will therefore deny the Motion to Tax.

## BACKGROUND

Plaintiff filed his petition for relief under Chapter 13 of the Bankruptcy Code on September 15, 2005. On June 5, 2006, Plaintiff filed an adversary proceeding against Home Equity, his home mortgage lender, alleging several violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), and seeking to rescind his mortgage loan with Home Equity on the basis of these alleged violations [DE 1].

On November 3, 2006, Home Equity served Plaintiff with its first set of interrogatories and document requests addressing Plaintiff's TILA allegations. Plaintiff's response to these requests was due on December 4, 2006. Plaintiff did not timely respond to the discovery requests. Accordingly, Home Equity moved to compel Plaintiff to respond to the written discovery on December 20, 2006 (the "first motion to compel"). On January 8, 2007, I entered an agreed order granting Home Equity's first motion to compel[1]. Plaintiff partially complied with the first motion to compel by submitting his unverified responses to Home Equity's interrogatories. However, he did not provide verified responses to all the requests.

Furthermore, on December 20, 2006, Home Equity noticed Plaintiff for a deposition on January 25, 2007. It is undisputed that Plaintiff failed to appear for his deposition. Accordingly, on February 5, 2007, Home Equity filed its second motion to compel [DE 49]. In the second motion to compel,

---

[1] The order granting the motion to compel was incorrectly docketed in Plaintiff's main Chapter 13 case rather than the adversary proceeding, but it is undisputed that Plaintiff was fully aware of the order, as he agreed to it.

2

Home Equity requested that the court compel Plaintiff's appearance at a deposition and compel verified responses to the interrogatories addressed to Plaintiff.

On March 5, 2007, I entered an order granting Home Equity's second motion to compel [DE 60]. That order provided that Plaintiff was sanctioned in the amount of $5,100.00 and that such amount had to be paid in full to Home Equity by March 9, 2007, or the adversary proceeding would be dismissed with prejudice. Plaintiff failed to pay the $5,100.00 sanction by March 9, 2007. Accordingly, on March 12, 2007, following a 9:00 a.m. hearing, the Court entered an order dismissing his adversary proceeding with prejudice [DE 64].

On March 22, 2007, Plaintiff filed his notice of appeal of the order dismissing his adversary proceeding [DE 68]. By Order entered August 8, 2007, in Case 0:07-cv-60650-AJ, the District Court reversed and remanded, finding that although Home Equity "was entitled to *some* monetary sanctions . . . whether the $5,100 sanction was reasonable, is unreviewable without some explanation from the bankruptcy court as to how it came to the $5,100 figure." *see* [DE 83]. On September 6, 2007, I entered an Order on Remand [DE 87] with a detailed breakdown and explanation of the sanctions imposed on Plaintiff and provided an extended due date of October 15, 2007, for Plaintiff to pay these sanctions.[2] On September 15, 2007, Plaintiff filed a notice of appeal as to the new order granting sanctions [DE 90].[3]

---

[2]Plaintiff did not seek any extension of this payment deadline.

[3]Plaintiff's counsel is notoriously litigious. *See Bonfiglio v. Nugent,* 986 F.2d 1391, 1394 (11th Cir. 1993), in which Mr. Bonfiglio was criticized by the Court of Appeals for engaging in "vexatious litigation" in the harshest imaginable terms. But for the fact that case law is in conflict as to whether the bankruptcy court is a "court of the United States" for purposes of 28 U.S.C. § 1927, I would invite Home Equity to seek costs and attorneys' fees under that statute. In light of the split of authority, however, I fear that encouraging such a motion would merely precipitate a new round of vexatious litigation.

On September 1, 2007, Plaintiff filed the Motion to Tax. Home Equity objected [DE 97].

## DISCUSSION

The taxing of appellate costs in bankruptcy proceedings is governed by Rule 8104 of the Federal Rules of Bankruptcy Procedure. Rule 8014 states:

> Except as otherwise provided by law, agreed to by the parties, or ordered by the district court or the bankruptcy appellate panel, costs shall be taxed against the losing party on an appeal. If a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered **by the court**. Costs incurred in the production of copies of briefs, the appendices, and the record and in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal and the fee for filing the notice of appeal shall be taxed by the clerk as costs of the appeal in favor of the party entitled to costs under this rule.[Emphasis added]

Fed. R. Bankr. P. 8014. While the first sentence of Rule 8014 refers specifically to the district court and bankruptcy appellate panel, the next sentence does not differentiate between the bankruptcy court and the district court or bankruptcy appellate panel. The ambiguity in the term used – "court" – in the statutory construction could be read to provide jurisdiction in the bankruptcy court. In *In re Walker*, Chief Judge Hyman granted appellate costs based on his reading of the statute that afforded him discretion to act. 2006 Bankr. LEXIS 3814 (Bankr. S.D. Fla. Dec. 11, 2006).[4] On the assumption that (a) I have not been divested of jurisdiction by the taking of the latest appeal and (b) Rule 8014 gives me authority to consider the Motion to Tax, I will do so and deny the Motion for the following reasons.

The intent of Rule 8014 is that a "losing party" be held liable for costs accrued during the appeal process. It may also be the case that a losing party will be liable for attorney fees under a contract or

---

[4]Perhaps a more compelling interpretation of this phrasing would be that the words "the court" in the second sentence of Rule 8014 refer back to their antecedents in the preceding sentence, namely, "the district court or the bankruptcy appellate panel." If this construction is correct, then my authority to consider the Motion to Tax is dubious.

an applicable statute. The fundamental problem with the Motion to Tax is that Home Equity is not a "losing party" within the meaning of Rule 8014.

My order awarding sanctions against the Plaintiff was reversed and remanded by the District Court for clarification as to how I calculated the amount of sanctions awarded. The District Court agreed that the Plaintiff's conduct warranted sanctions. In light of these facts, it is clear that if the District Court's order was a victory for the Plaintiff, it was no defeat for Home Equity. The District Court found that I had failed to establish the basis for the amount of sanctions awarded, not that sanctions were themselves inappropriate, and remanded for me to make specific findings. Thus, I cannot conclude that Home Equity is the "losing party" on the first appeal. Whether or not the District Court finds that my calculation of sanctions on remand is appropriate, it is clear that sanctions will be awarded to Home Equity.

The second sentence of Rule 8014 has been interpreted to give the Court discretion to award costs where bankruptcy court orders are vacated or partially reversed. In *Konop v. Hawaiian Airlines, Inc.*, 2007 U.S. Dist. LEXIS 22118, 9 (D. Haw. Mar. 27, 2007), the Magistrate Judge ruled that since the "district court's judgment affirmed the bankruptcy court's judgment in part and vacated it in part . . . [the] court [had] discretion to determine whether the taxation of costs is appropriate when it renders a mixed judgment on a bankruptcy appeal." *See also, In re Walker*, 2006 Bankr. LEXIS 3814 (Chief Judge Hyman's order awarding sanctions was vacated by the district court; on remand, Judge Hyman ruled that he had discretion whether to grant appellate costs).

Under the framework of Rule 8014, the second sentence does not provide for the award of costs based on other applicable law – such as Florida Statutes – that may provide for attorneys' fees and other costs in certain circumstances. Rather, costs under the second sentence of Rule 8014 are based solely

on those cost provided for and specifically outlined within the Rule itself. Thus, Rule 8014 does not include attorneys' fees and I could not award such fees to the Plaintiff under Rule 8014. *See Traylor v. First Family Fin. Servs.* (In re Traylor), 1996 U.S. Dist. LEXIS 20399, 2 (M.D. Ala. Jan. 24, 1996); *Benhil Shirt Shops, Inc. v. Lynns, Inc.*, 82 Bankr. 7, 9 (S.D.N.Y 1987).

Finally, to the extent that Rule 8014 provides for discretion in the award of costs, I would not award any costs in favor of the Plaintiff pursuant to such discretion. The District Court agreed that sanctions were appropriate. On Remand, I found that the appropriate sanction for Plaintiff was in the same monetary amount previously awarded. In addition, the costs incurred by Home Equity in defense of what was substantively a frivolous appeal and the Motion to Tax were not *de minimis*. Therefore, Home Equity is not taxed for appellate costs and the motion is denied. For the reasons stated above it is **ORDERED** that Plaintiff's Motion to Tax Appellate Costs and Fees Against Home Equity Mortgage Corporation [DE 85] is **DENIED** with **PREJUDICE**.

###

Copies to:

Philip J. Landau, Esquire
Sherri B. Simpson, Esquire
James A. Bonfiglio, Esquire
Robin R. Weiner, Esquire, Chapter 13 Trustee
Office of the United States Trustee

Mr. Bonfiglio is directed to serve a copy of this Order on all interested parties not listed above and to file a certificate of service within five days of the date hereof.